Dear Mr. Stevenson:
This is in response to your request for an official opinion of this office on the question of whether a person who is the subject of a report made pursuant to the child abuse or neglect law, Section 210.110 et seq., RSMo 1978, has a right to inspect the report and all records of the Division of Family Services pertaining to it, particularly, to gain knowledge of the identity of the reporter of the suspected child abuse or neglect.
The child abuse or neglect law imposes a duty on health practitioners, social or child care workers, juvenile, probation or peace officers, school officials and teachers, and parents, guardians, household members, and custodians of children, to report in writing to the Division of Family Services suspected instances of child abuse or neglect. Sections 210.115-210.130-1. All other persons having reasonable cause to believe that a child is being abused or neglected are invited but not compelled to make such reports, which can be in oral form. Sections 210.115-4-210.130.1.
The mandated written reports must set forth, among other matters;
 ". . . the source of the report; the name and address of the person making the report, his occupation, and where he can be reached; . . ." Section 210.130.2.
The section of the law dealing with confidentiality of the reports and records provides in material part:
 "1. All reports and records . . . maintained by the division, . . . shall be confidential. Information shall not be made available to any individual or institution except to:
 "(1) A physician or his designee who has before him a child whom he reasonably believes may be abused or neglected;
 "(2) Appropriate staff of the division and of its local offices;
 "(3) Any person who is the subject of a report, or the guardian of such person when he is a minor, or who is mentally ill or otherwise incompetent;
 "(4) A grand jury, juvenile officer, juvenile court or other court conducting abuse or neglect or child protective proceedings; and
 "(5) Any person engaged in a bona fide research purpose, with the permission of the director; provided, however, that no information identifying the subjects of the reports and the reporters shall be made available to the researcher.
 For the purpose of this section, `subjects' include the child and any parent, guardian, or other person responsible for the child, who is mentioned in a report. `Reporters' shall include all persons and institutions who report abuse or neglect pursuant to [this law]. . . ." Section 210.150.
The division is required to maintain a central registry capable of receiving and maintaining child abuse or neglect reports and to promulgate rules governing the operation of the central registry.Section 210.145.2 and .9. The following rule has been promulgated:
 "(1) Information which will be given to the subject of a report of child abuse or neglect shall include reported allegations, results of subsequent investigations, plans for and actual treatment, and any other disposition. Under no circumstances shall identifying information regarding the reporter of the abuse or neglect be released." 13 CSR 40-31.020.
We believe the above rule is a proper exercise of the discretion vested in the Division and is not contradictory of the enabling law. We do not perceive in Section 210.150 an absolute requirement that the Division make available all information it may have in any child abuse or neglect case file to the person who is the subject of the report, or the parent, guardian or other individual person responsible for the subject person, but only an authorization for the Division to release some information in those files to persons in the described category.
We are accordingly of the opinion that a person who is the subject of a child abuse or neglect report may inspect only such part of the report and the record of the investigation of the report as is allowed by rule promulgated by the Division of Family Services for operation of the central registry pursuant to Section210.145 and that under such currently effective rule a subject person may not be informed of the identity of the person reporting the suspected child abuse or neglect to the Division.
Sincerely,
 JOHN ASHCROFT Attorney General